UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHANIE CHAPPELL, | Case No. 08-CV-0851 (PJS/RLE) |
| Plaintiff, | |
| v. | |
| BUTTERFIELD-ODIN SCHOOL DISTRICT #836; EDUCATION MINNESOTA; BUTTERFIELD-ODIN EDUCATION ASSOCIATION; LISA SHELLUM; and VONDA RINNE, | ORDER ON DEFENDANTS' MOTIONS TO DISMISS |
| Defendants. | |

Thomas B. James, JAMES LAW OFFICE, for plaintiff.

William L. Davidson, Paul C. Peterson, and Sarah E. Morris, LIND, JENSEN, SULLIVAN & PETERSON, P.A., for defendants Butterfield-Odin School District #836, Lisa Shellum, and Vonda Rinne.

David B. Kundin, EDUCATION MINNESOTA, for defendants Education Minnesota and Butterfield-Odin Education Association.

This matter is before the Court on two motions: the motion to dismiss of defendants Butterfield-Odin School District #836 ("the District"), Lisa Shellum, and Vonda Rinne (collectively, "the District defendants"), and the motion to dismiss of defendants Education Minnesota and Butterfield-Odin Education Association (collectively, "the Union defendants"). For the reasons set forth below, both motions are granted in part and denied in part.

I.  BACKGROUND

Plaintiff Stephanie Chappell was employed by the District as a high-school teacher for about six weeks in 2005.  She brings seven[1] claims of disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; the Rehabilitation Act, 29 U.S.C. §§ 701 et seq.; the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.01 et seq.; and the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act, 42 U.S.C. §§ 2000e et seq.

Chappell left her employment with the District in December 2005, after various disputes arose between the District and Chappell.  In March 2006, Chappell filled out an employment-discrimination questionnaire and submitted it to the Minnesota Department of Human Rights ("MDHR").  Chappell Aff. Ex. 3.  About six months later, Chappell filed a formal charge of discrimination, listing only the District as the respondent.  Union Defts.' Ex. B.  In November 2007, the MDHR notified Chappell that it was dismissing her charge.  Peterson Aff. Ex. 1.  By letter dated February 1, 2008, the MDHR denied Chappell's request that it reopen her case.  Peterson Aff. Ex. 2.  Chappell filed her complaint in this case on March 24, 2008.

II.  ANALYSIS

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008); *Maki v. Allete, Inc.*, 383 F.3d 740, 742 (8th Cir. 2004); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 (8th Cir. 2003).

---

[1]The claims in Chappell's complaint are numbered One through Five, Seven, and Eight.  The complaint was filed by Chappell *pro se*; after filing the complaint, Chappell retained counsel to represent her.

The complaint may be dismissed only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations'" in the complaint. *Aten*, 511 F.3d at 820 (quoting *Reis v. Walker*, 491 F.3d 868, 870 (8th Cir.2007)). Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, the motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). But the court may consider materials that are necessarily embraced by the complaint, as well as any exhibits attached to the complaint, without converting the motion into one for summary judgment. *Mattes*, 323 F.3d at 697 n.4.

### A. The District Defendants' Motion

#### 1. The Individual Defendants

Chappell agreed at the hearing that her claims against Lisa Shellum and Vonda Rinne may be dismissed. The District defendants' motion is therefore granted with respect to Shellum and Rinne.

#### 2. Counts Three through Five

In Counts Three through Five of her complaint, Chappell alleges discrimination on the basis of disability under the 1964 Civil Rights Act, as amended in 1991. Chappell acknowledges that the Civil Rights Act does not create a cause of action for disability discrimination, but argues that the ADA and the Rehabilitation Act incorporate the remedies set forth in the Civil Rights Act. Chappell essentially concedes that Counts Three through Five are duplicative of her other claims, but contends that she is entitled to plead in the alternative. Counts Three through Five are not alternative claims, though; they are confusing and unnecessary ways of pleading the same claims that Chappell has already pleaded in other counts in her complaint. The Court therefore dismisses Counts Three through Five in their entirety.

3.  The Release

The District argues that all of Chappell's claims are barred by a release that she signed upon the termination of her employment. Because Chappell attached this release to her complaint, the District argues, the Court may consider it on a motion to dismiss. And because Chappell has failed to allege any facts demonstrating that the release is invalid, the District further argues, her claims must be dismissed.

The District is asking too much of the Court in the context of a Rule 12(b)(6) motion. As the Court explained at oral argument, it is not Chappell's burden to allege in her complaint facts that would be sufficient to overcome the affirmative defense of release. Moreover, Chappell asserts in response to the District's motion that she signed the release under duress and that there was insufficient consideration for the release. On their face, Chappell's arguments appear to be weak, but this Court cannot decide whether Chappell acted under duress in signing the release, and whether the release was adequately supported by consideration, in the context of a Rule 12(b)(6) motion. The District's motion is therefore denied insofar as it urges dismissal of all claims on the basis of the release, but without prejudice to the District's ability to renew this argument on motion for summary judgment.

4.  The MHRA Claims

Count Seven (MHRA) and a portion of Count Eight (Retaliation) allege claims under the MHRA. For these claims to be timely, Chappell must have brought them "within 45 days after receipt of notice that the commissioner . . . has decided not to reopen a dismissed case that the charging party has asked to be reopened . . . ." Minn. Stat. § 363A.33, subd. 1(2). Although Chappell filed her complaint on the last day of the 45-day period, she concedes that filing a

complaint is not sufficient to commence an action under Rule 3.01 of the Minnesota Rules of Civil Procedure, and thus that she did not "bring" her MHRA claims within the 45-day period for purposes of Minn. Stat. § 363A.33, subd. 1(2). Chappell's MHRA claims thus appear to be time-barred.

Chappell nevertheless argues that the limitations period should be equitably tolled. According to Chappell, she filed the complaint along with an application to proceed *in forma pauperis* on the last day of the 45-day period. It took the Court a couple of days to grant her IFP application, and then it took the United States Marshal some time to serve her complaint on the defendants. Therefore, Chappell contends, any delay in serving the summons and complaint was outside of her control.

The 45-day period in § 363A.33 is subject to equitable tolling. *Ochs v. Streater, Inc.*, 568 N.W.2d 858, 860 (Minn. Ct. App. 1997). In considering whether to apply equitable tolling, courts consider both the plaintiff's conduct and whether there is any prejudice to the defendant. *Id.* These are highly fact-bound inquiries. Based on Chappell's arguments thus far, the Court suspects that equitable tolling will not apply in this case; Chappell has suggested no reason why she had to wait until the last possible moment to file her complaint, thus ensuring that it would not be timely served. But the Court is reluctant to rule on such fact-bound issues in the context of a Rule 12(b)(6) motion. *Cf. Coons v. Mineta*, 410 F.3d 1036, 1040-41 (8th Cir. 2005) (reversing grant of motion to dismiss so that district court could address issue of equitable tolling). The District's motion to dismiss is therefore denied as to Chappell's MHRA claims, but without prejudice to the District's ability to renew this argument after the record is developed.

*B. The Union Defendants' Motion*

In her briefing, Chappell clarified that she is not asserting Count Two (Rehabilitation Act) or Count Eight (Retaliation) against the Union defendants. As noted above, the Court will dismiss Counts Three through Five against all defendants because they are duplicative of Chappell's other claims. As a result, the only claims remaining against the Union defendants are Count One (ADA) and Count Seven (MHRA). As to these claims, the Union defendants make three arguments in favor of dismissal, which the Court addresses in turn.

1. Education Minnesota Not a Proper Defendant

Education Minnesota argues that it is not a proper defendant under *Minnesota Education Association v. Independent School District No. 404*, 287 N.W.2d 666 (Minn. 1980) ("*MEA*"). In *MEA*, the Minnesota Supreme Court held that Education Minnesota's predecessor, the Minnesota Education Association, lacked standing to sue a school district for unfair labor practices because the Association did not represent the union members, but served only as a support organization for the local affiliate. *Id.* at 669-70. As Chappell correctly observes, whether an association has standing to sue as a plaintiff is a different question from whether the association may be sued as a defendant, and thus *MEA* does not control this case. In essence, Education Minnesota's argument boils down to a contention that it is not a proper party because it is not responsible for the harm Chappell alleges. Education Minnesota may very well be right — Chappell's claims against the Union defendants appear to be based on their failure to grieve her complaints against the District, and the authority to pursue grievances appears to rest with the local affiliate and not Education Minnesota — but this is yet another argument on the merits of a factual issue that the Court cannot resolve in the context of a Rule 12(b)(6) motion. The

Court therefore rejects Education Minnesota's motion insofar as it is based on *MEA*; Education Minnesota can, of course, renew its argument on motion for summary judgment.

### 2. Exclusive Remedy

The Union defendants argue that the exclusive remedy for a breach of the duty of fair representation is an action under the National Labor Relations Act, 29 U.S.C. §§ 151 et seq. Chappell has clarified, however, that she is not asserting any breach of the duty of fair representation — that is, she is not seeking to recover from the Union defendants for any breach of their contractual duties to her. Rather, she is asserting only that the Union defendants violated the ADA and the MHRA. The Union defendants concede that it is possible for Chappell to state claims against them under the ADA and the MHRA, and thus Chappell's claims will not be dismissed for this reason.

### 3. Failure to Exhaust (ADA) and Statute of Limitations (MHRA)

In order to bring a claim of employment discrimination under the ADA, a plaintiff must first exhaust her administrative remedies. *See* 42 U.S.C. § 12117(a) (incorporating the powers, remedies, and procedures of 42 U.S.C. § 2000e-5, which permits a civil action after exhaustion of the administrative process); *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies"). Although the MHRA does not require exhaustion, a plaintiff must either file an administrative charge or bring a lawsuit within one year of the alleged discrimination. Minn. Stat. § 363A.28, subd. 3.

The Union defendants argue that Chappell never filed an administrative charge against them and did not file this action until well over a year after the alleged discrimination. As a

result, the Union defendants argue, her ADA claims are barred by her failure to exhaust and her MHRA claims are barred by the one-year statute of limitations. Furthermore, as it is now too late for Chappell to file an administrative charge, her ADA claims cannot now be exhausted. *See* 42 U.S.C. § 2000e-5(e) (time limits for filing a charge).

Chappell argues that she did, in fact, bring an administrative charge against the Union defendants. Although the formal charge Chappell filed with the MDHR lists only the District as the respondent, Chappell points to the questionnaire she submitted to the MDHR, which clearly indicates that she intended to bring claims against the Union defendants. *Compare* Chappell Aff. Ex. 3 *with* Union Defts.' Ex. B. It is not clear why Chappell's formal charge does not list the Union defendants as respondents, but the Court notes that Chappell signed a statement affirming that she had reviewed the administrative charge — and thus Chappell had notice that the District was the only named respondent. Union Defts.' Ex. B.

Generally speaking, only the respondents named in the administrative charge may be sued in a subsequent civil action. *See* 42 U.S.C. § 2000e-5(f)(1) (describing when "a civil action may be brought against the respondent *named in the charge*") (emphasis added); *Greenwood v. Ross*, 778 F.2d 448, 450-51 (8th Cir. 1985) (noting the general rule that parties not named in the EEOC charge are not subject to suit in the subsequent civil action). Citing *Montgomery v. Independent School District No. 709*, Chappell argues that the entire administrative record, and not just the formal charge, must be considered in determining whether she asserted claims against the Union defendants. 109 F. Supp. 2d 1081, 1100 (D. Minn. 2000). But in *Montgomery*, there was no question that the defendant had been named as a respondent in the administrative charge. Instead, the issue was whether the plaintiff was limited to pursuing the

particular harassment allegations described in his formal charge, or whether he could also pursue other harassment allegations that were described in detail elsewhere in the administrative record. *Id.* The fact that a defendant may be deemed to be on notice of the entire record of administrative proceedings to which it was unquestionably a party does not mean that defendants who were not formally named in the proceedings and may have been completely unaware of them should similarly be deemed to have such notice. *Montgomery* is therefore of no help to Chappell.

Courts have, however, permitted cases to proceed against defendants who were not named respondents in the administrative proceedings when there is a "sufficient identity of interest" between the named and unnamed defendants. *Greenwood*, 778 F.2d at 451. It appears highly unlikely that Chappell will be able to establish the requisite "identity of interest" between the Union defendants and the District in this case. *Cf. Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 62-21 (2d Cir. 1999) (finding insufficient "identity of interest" between union and employer); *Johnson v. Palma*, 931 F.2d 203, 209-10 (2d Cir. 1991) (finding insufficient "identify of interest" between unnamed national union and union official and named local affiliate). But it would be premature to dismiss Chappell's claims against the Union defendants at this stage. The "identity of interest" test, which the parties have not addressed, is a factual inquiry that depends on factors such as the relationship between the parties and the extent to which the unnamed party had notice of the administrative proceedings against the named party. *Greenwood*, 778 F.2d at 451; *see also Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 & n.9 (10th Cir. 1999) (describing the factors relevant to the "identity of interest" test). Moreover, failure to exhaust is an affirmative defense, *see Miles v. Bellfontaine Habilitation Center*, 481 F.3d 1106, 1107 (8th

Cir. 2007), and thus Chappell's complaint cannot be considered insufficient simply because she did not allege facts that would establish an "identity of interest" between the District and the Union defendants. The Court therefore denies the Union defendants' motion insofar as it asserts the defenses of failure to exhaust and statute of limitations, but without prejudice to their ability to raise these defenses on motion for summary judgment.

*C. Summary*

The Court will grant defendants' motions as to Counts Three, Four, and Five of Chappell's complaint. As Chappell has voluntarily withdrawn all claims against Lisa Shellum and Vonda Rinne, and has clarified that she is not asserting Counts Two or Eight against the Union defendants, the remaining claims are as follows: Counts One, Two, Seven, and Eight against the District, and Counts One and Seven against the Union defendants.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The motion of defendants Butterfield-Odin School District #836, Lisa Shellum, and Vonda Rinne to dismiss [Docket No. 20] is GRANTED IN PART AND DENIED IN PART.

    a. The motion is GRANTED with respect to all claims against Lisa Shellum and Vonda Rinne, and these claims are DISMISSED WITHOUT PREJUDICE.

  b.  The motion is GRANTED with respect to Counts Three, Four, and Five of plaintiff's complaint [Docket No. 1], and these claims are DISMISSED WITHOUT PREJUDICE as to defendant Butterfield-Odin School District #836.

  c.  The motion is DENIED in all other respects.

2. The motion of defendants Education Minnesota and Butterfield-Odin Education Association to dismiss [Docket No. 30] is GRANTED IN PART AND DENIED IN PART.

  a.  The motion is GRANTED with respect to Counts Three, Four, and Five of plaintiff's complaint [Docket No. 1], and these claims are DISMISSED WITHOUT PREJUDICE as to these defendants.

  b.  The motion is DENIED in all other respects.

Dated: October 27, 2008        s/Patrick J. Schiltz
                   Patrick J. Schiltz
                   United States District Judge